UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MOLLIE JO MORRIS PURCELL,
as administrator of the estate of
MATTHEW SHAWN MORGAN,
deceased,

    Plaintiff,

v.                600CV036

TOOMBS COUNTY, GEORGIA,
et al.,

    Defendants.

## ORDER

### I. BACKGROUND

In this 42 U.S.C. § 1983 case, plaintiff Mollie Jo Morris Purcell -- as administrator of Matthew Shawn Morgan's estate -- alleges that while Morgan was a Toombs County Jail inmate he was brutally attacked by other inmates. This occurred in an atmosphere of unchecked violence fostered, *inter alia*, by: the jailers' practice of permitting inmates to carry cash; cell assignments that fostered racial hostility, and tolerance, if not encouragement of, inmate fighting. Doc. # 13 ¶¶ 6-13, 16-20.

She asserts that the jail was understaffed, inhibiting effective intervention. *Id.* ¶ 15. She therefore has named as defendants Jail Detention Administrator Jerry White, *id.* ¶ 21, county sheriff Alvie Kight, *id.* ¶ 5, and the county itself. *Id.* ¶ 4. She contends that, pursuant to a Toombs County custom or policy, the defendants violated Morgan's Eighth and Fourteenth Amendment rights by failing to protect him and allowing such violence-fostering conditions to persist. *Id.* ¶¶ 26-27.

Plaintiff also raises the following State law claims: (a) an O.C.G.A. § 15-16-24 negligence claim against Kight, *see Frazier v. Smith*, 12 F.Supp.2d 1362, 1360 (S.D.Ga. 1998) (Generally, "sheriffs are liable for the misconduct of their deputies and jailers. O.C.G.A. §§ 15-16-5, 15-16-23, 15-16-24"); and (b) emotional distress and punitive damages claims against Kight and White. Doc. # 13 (Count Three).

Defendants Kight and White moved for summary judgment, seeking dismissal of Purcell's § 1983 claim on qualified immunity grounds. Doc. ## 37, 40. The County, of course, could not raise that defense. *See, e.g., Mercado v. City of Orlando*, 407 F.3d 1152, 1156 (11th Cir. 2005) ("Qualified immunity offers complete protection for government *officials* sued in their *individual* capacities...."). They also sought dismissal of her state law claims. Doc. # 42 at 11-12; # 43 at 23-25. The Court denied qualified immunity to Kight and White but granted partial summary judgment on other issues. The Court then summarized its ruling, noting that it was now up to

> a jury [to] resolve plaintiff's § 1983 claim against the County and both individual defendants. [In addition, p]laintiff's State law claims against the County and both individual defendants in their official capacity are barred by sovereign immunity. Her O.C.G.A. § 15-16-24 claim against defendant White fails as a matter of law, but she may proceed with it against defendant Kight. Finally, the jury shall resolve her emotional distress and punitive damages claims against both defendants Kight and White.

Doc. # 66 at 15.

Three years later, the Eleventh Circuit reversed this Court's qualified immunity ruling, *Purcell ex rel. Estate of Morgan v. Toombs County, Ga*, 400 F.3d 1313 (11th Cir. 2005), concluding that, as a matter of law, the jail conditions in issue were not sufficiently egregious to violate the Constitution. *Id.* at 1323. That court thus foreclosed Purcell's federal claims against the individual defendants. But since only those defendants appealed, the appeals court understandably did not reach any such claim against the County. The Eleventh Circuit also noted that Purcell "has survived summary judgment on her state law claims sounding in negligence against the individual defendants[,] and [she] might succeed at trial on those claims." *Id.* at 1323-24.

Both the individual defendants and the County now renew their summary-judgment motion, doc. # 74, arguing, *inter alia*, that

(a) the County cannot be held liable under § 1983 because, under *Purcell*, plaintiff can no longer show a constitutional violation, doc. # 75 at 4-5;

(b) any federal claim remaining against jail administrator White in his official capacity is barred by Eleventh Amendment immunity, *id.* at 5-6;

(c) Purcell's O.C.G.A. § 15-16-24 claim is dependent on whether an Eighth Amendment violation can be shown, but since the *Purcell* panel has ruled that such cannot be shown here, her § 15-16-24 claim therefore fails as a matter of law, *id.* at 6; and

(d) her emotional-distress and punitive damages claims rise and fall with her § 15-16-24 claim, so they also fail as a matter of law. *Id.* at 7-8.

Plaintiff opposes on the merits. Doc. # 77.

## II. ANALYSIS

### A. Federal Claims

"Plaintiff concedes that her § 1983 claims against any of the Defendants are now precluded [by *Purcell*]." Doc. # 77 at 2 n.1. The Court therefore grants summary judgment on those claims. Only state law claims now remain in this case, *id.* at 2, and Purcell clarifies that she now advances them against only Kight and White. *Id.* at 5-6. Hence, the Court dismisses the County from this case.

### B. Supplemental Jurisdiction

After plaintiff conceded that only state law claims remain, defendants filed a reply brief urging the Court to relinquish supplemental jurisdiction over those claims. Doc. # 78. This Court freely permits reply briefs, *Podger v. Gulfstream Aerospace Corp.*, 212 F.R.D. 609, 609 (S.D.Ga. 2003) ("Hence, parties may file as many reply briefs as they want"). Purcell has been free to, but has not further replied.[1]

The Court's supplemental jurisdiction over plaintiff's state law claims derived from the fact that they shared a common nucleus of operative facts with her federal claims. *Tanner Advertising Group, L.L.C. v. Fayette County, Georgia*, 411 F.3d 1272, 1278 (11th Cir. 2005). The Court may decline jurisdiction over them now that the federal claims are dismissed. *Id.* In deciding to do so, the Court "should take

---

[1] Note also that, "[w]hen no federal question claims are left in a case like this, prudential considerations prompt the Court to *sua sponte* question the propriety of retaining jurisdiction over a remaining state law claim." *Mack v. Augusta-Richmond County*, Ga., 365 F.Supp.2d 1362, 1381 (S.D.Ga. 2005).

2

into account concerns of comity, judicial economy, convenience, fairness, and the like." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005) (quotes and cite omitted).

Where, as here, federal claims are dismissed pretrial, the Eleventh Circuit has encouraged dismissal of the state law claims. *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir.1999) (stating that a district court may dismiss state law claims after dismissing federal claims; "[m]ore specifically ... if the federal claims are dismissed prior to trial, [*United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)] strongly encourages or even *requires* dismissal of state claims") (quotes and cite omitted; emphasis added); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have *encouraged* district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial") (emphasis added).

But other Eleventh Circuit opinions, including *Tanner* and *Cook,* recite the dismissal-consideration criteria coupled with no such encouragement. Still, those cases do not contradict *Mergens* and *Raney*, and the circuit again encouraged dismissal in a recent prison civil rights case litigated, like this case, through to summary judgment. *Brunskill v. Boyd*, 2005 WL 1208632 at * 4 (11th Cir. 5/10/05) (unpublished) (applying *Raney* to conclude that the district court was within its discretion in declining to exercise supplemental jurisdiction over state prisoner's state law claims against prison officials where no federal claims remained following summary judgment).

The Court will follow *Brunskill* here, and also notes the circuit's warning in *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414 (11th Cir.1984), that it "is most improper for a federal court, without suitable law to guide it, to plow new ground in a state law field." *Id.* at 429. Purcell has failed to cite, nor has this Court located, even one Georgia case construing § 15-16-24's reach.[2] As she herself states, "The term 'misconduct' in this statute is *not* defined," *id.* (emphasis added), doc. # 77 at 3, and the Court's own research reveals that no court has yet to define it. Doc. # 77 at 3.

Finally, 28 U.S.C. § 1367(d) suspends the state statute of limitations period while a case is pending in this Court. *See, e.g., Finger Furniture Co., Inc. v. Mattress Firm, Inc.*, 2005 WL 1606934 at * 5 (S.D.Tex. 7/1/05)

---

[2] The statute provides, in its entirety:

> Sheriffs are liable for the misconduct of their jailers as they are liable for their deputies; and persons injured by a jailer have the same option in bringing an action on the jailer's bond that they have in bringing an action on the deputy's bond, provided that the sheriff shall not be liable for such misconduct and no claim or cause of action against the sheriff for such misconduct shall exist unless one of the following conditions exists:
>
> (1) The sheriff personally benefited financially from the act complained of;
>
> (2) The sheriff was personally aware of and had actual knowledge of the act complained of and had actual knowledge that the act was illegal, was contrary to law, or was the breach of a duty imposed by law and either acted to cause or failed to prevent the act complained of; or
>
> (3) The sheriff failed to exercise ordinary care and diligence to prevent the condition or act which proximately caused the injury complained of.

(unpublished).[3] So the Court need not consider any statute of limitations issue here.

### III. CONCLUSION

Accordingly, the Court **GRANTS** summary judgment to the defendants and against plaintiff Mollie Jo Morris Purcell on her remaining federal claims in this case. Those claims are thus **DISMISSED WITH PREJUDICE**. In addition, plaintiff's case against Toombs County, Georgia, is **DISMISSED WITH PREJUDICE**. Finally, plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE** to her right to re-file them in state court. This case is now **CLOSED**.

This 4 day of August, 2005.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] "Under 28 U.S.C. § 1367(d), the statute of limitations would be tolled while [Purcell's] claims [are] pending until 30 days after an order of dismissal, thus allowing [her] time for filing a new action in state court without a lapse of [her] rights." *U.S. Anchor Mfg., Inc. v. Rule Industries, Inc.*, 7 F.3d 986, 1005 (11th Cir. 1993). The statute went unquestioned in *Prison Health Services, Inc. v. Mitchell*, 256 Ga.App. 537, 537 (2002) ("The district court granted summary judgment to the defendants as to all federal claims and dismissed the state law claims without prejudice because § 1367(d) has tolled any applicable state statutes of limitations") (quotes and cite omitted).

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

Britt
Freeman
Maine
Nash
Savage

CASE NO:      CV600-36
DATE SERVED:  8/4/05
SERVED BY:    bcw

☐ Copy placed in Minutes
☑ Copy given to Judge
☐ Copy given to Magistrate